UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHLEEN WAITE,

    Plaintiff,

v.                                              Case No. 1:16-cv-1163
                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of August 1, 2011. PageID.216. She identified her disabling conditions as congestive heart failure, psoriatic arthritis, asthma, migraines, and stroke. PageID.220. Prior to applying for DIB and SSI, plaintiff completed the 12th grade, had additional job training in accounting, and had past employment as a bank teller, a guest service clerk at a supermarket, a customer service representative, and an assistant store manager. PageID.222. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on December 1, 2015. PageID.41-49. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2011, and met the insured status requirements of the Social Security Act through March 31, 2017. PageID.43. At the second step, the ALJ found that plaintiff had severe impairments of: osteoarthritis; degenerative disc disease of the lumbar spine; inflammatory polyarthropathy; migraine headaches; obesity; and history of deep venous thrombosis (DVT). PageID.43. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.45.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can lift and carry 10 pounds frequently and less than 10 pounds frequently. In an eight-hour work day, she can sit for at least six hours, stand or walk for two hours, but requires the ability to change position for three to five minutes, after every 20 to 30 minutes of sitting, standing, or walking. She can push and pull as much as she can lift or carry. The claimant can handle and finger frequently with both hands. She can occasionally climb ramps, stairs, ladders and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl.

PageID.45. The ALJ also found that plaintiff is capable of performing her past relevant work as a customer service representative, and that this work does not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RCF). PageID.47.

4

Nevertheless, the ALJ proceeded to Step Five, where he determined that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level in the national economy. PageID.48-49. Specifically, the ALJ found that plaintiff could perform the requirements of surveillance system monitor (50,000 jobs nationwide), charge account clerk (80,000 jobs nationwide), and order clerk (70,000 jobs nationwide). PageID.49. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from August 1, 2011 (the alleged onset date) through December 1, 2015 (the date of the decision). PageID.49.

### III. Discussion

Plaintiff set forth issues on appeal:

**A. The ALJ made an erroneous credibility determination.**

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb

a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

Plaintiff claims that "the ALJ's credibility determination is based upon cherry-picked incidents in the record" and that "the ALJ's analysis is not supported by substantial evidence, made without an actual discussion of Plaintiff's testimony and lacks compliance with Social Security's own rulings and regulations." Plaintiff's Brief (ECF No. 11, PageID.483). As an initial matter, plaintiff's "cherry picking" argument has no traction in this Court. The argument that the ALJ mischaracterized or "cherry-picked" the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir.2009).

However, the Court agrees that in this instance, the ALJ's credibility determination is not supported by substantial evidence. Here, the ALJ addressed plaintiff's credibility stating:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible, for the reasons explained in this decision.

PageID.46. While the ALJ's decision summarized the plaintiff's testimony, *see* PageID.46, the ALJ does not explain why she is not a credible witness. The ALJ's statement that plaintiff is not credible "for the reasons explained in this decision" is inadequate because there is no particular discussion of her credibility in other parts of the decision. As the Sixth Circuit stated in *Rogers*:

> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

*Rogers*, 486 F.3d at 248 (footnote omitted). *See generally*, *Logan v. Commissioner of Social Security*, No. 13-cv-12807, 2014 WL 2217235 at *2 (E.D. Mich. May 29, 2014) ("Social Security Ruling 96-7p requires that the decision of an ALJ regarding a claimant's credibility contain specific reasons for the finding on credibility that are supported by the evidence in the case record, and prohibits determinations resembling a conclusory statement that the individual's allegations have been considered or that the allegations are (or are not) credible.") (internal quotation marks omitted).

Here, the ALJ's decision is not sufficiently specific to make clear to this Court the weight which the ALJ gave to plaintiff's statements and the reasons for that weight. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should re-evaluate plaintiff's credibility and explain why her alleged symptoms are not supported by the medical evidence.

        **B.**    **The ALJ failed to create an accurate RFC and therefore erroneously found work at Step Five.**

Plaintiff contends that the ALJ's RFC determination is erroneous because (1) plaintiff did not retain the ability to "handle and finger frequently with both hands" due to her synovitis, and (2) the ALJ did not account for plaintiff's need for leg elevation. Plaintiff's Brief (ECF No. 11, PageID.484-485).

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

The ALJ noted that in June 2015, Monika Mohan, M.D., a rheumatologist, indicated that plaintiff's metacarpophalangeal joints were positive for synovitis. PageID.44. Plaintiff was treated with methotrexate and folic acid. *Id*. The ALJ noted that this was the last medical report on record. *Id*. While plaintiff was diagnosed with synovitis, the mere diagnosis of this medical condition says nothing about the severity or limitations caused by the condition. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). *See McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000) ("the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual"). Accordingly, plaintiff's claim of error with respect to the synovitis will be denied.

Finally, plaintiff testified that she needs to elevate her legs two to three times per day above waist level. PageID.80-81. The ALJ acknowledged this statement, noting that "[t]he claimant testified she needs to elevate her legs to waist level two to three times per day, for 20 to 30 minutes at a time." PageID.46. However, the ALJ did not address plaintiff's credibility with respect to this alleged limitation. Plaintiff's credibility with respect to this claim should be addressed on remand.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-

8

evaluate plaintiff's credibility. If the re-evaluation results in additional limitations, then the Commissioner should make appropriate changes to the RFC. A judgment consistent with this opinion will be issued forthwith.

Dated: September 6, 2017         /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge